IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK10-43504-TLS |
| | ) | |
| DAVID H. HALL and | ) | CH. 13 |
| MICHELLE E. HALL, | ) | |
| | ) | |
| Debtors. | ) | |

**ORDER**

This matter is before the court on a third amended Chapter 13 plan filed by Debtors (Fil. #130); an objection to confirmation of the plan filed by creditor Wells Fargo Home Mortgage as Servicer for Banc of America Mortgage Capital Corporation (Fil. #132); a response filed by Debtors (Fil. # 133); a motion for summary judgment filed by creditor Wells Fargo Bank, N.A., as servicer for Bank of America, N.A. (Fil. #184); and a resistance filed by Debtors (Fil. #188). Terry K. Barber represents Debtors, and Jonathon Burford and Jeffrey Spector represent the Wells Fargo entities ("Wells Fargo").[1] A brief and evidence were submitted and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

For the reasons set forth below, the motion for summary judgment is granted and the plan is not confirmed.

*STATEMENT OF FACTS*

The following facts are uncontroverted:

1. On December 4, 2002, Debtors executed a note in favor of Community Mortgage Company in the principal amount of $444,000.00.

2. The note is secured by a deed of trust on certain real property and improvements located at 7150 Red Bird Lane, Lincoln, Nebraska 68532. The deed of trust was recorded on December 18, 2002, as Document 2002-091194. The subject real estate is legally described as follows:

---

[1] In the future, counsel for Wells Fargo needs to figure out the name of its client. The discrepancies in the name of the Wells Fargo entity and the Bank of America entity involved in this case are confusing, at best. For purposes of this Order, the court will assume that a Wells Fargo entity is servicing the loan for a Bank of America entity. At this stage, the lack of clarity of the proper entity names is not important since Debtors do not dispute the existence of the obligation; instead, they assert that it was modified.

LOTS THREE (3) AND FOUR (4), BLOCK ONE (1), RIDGE PARK
1ST ADDITION, LINCOLN, LANCASTER COUNTY, NEBRASKA

3. Wells Fargo is the servicer of the loan and its counsel, Kozeny & McCubbin, L.C., is in possession of the original endorsed note.

4. Prior to September 1, 2009, Debtors' loan with Wells Fargo became delinquent and as a result of the delinquency, Wells Fargo sent a letter to Debtors on September 22, 2009, indicating that they might be eligible for a HAMP trial modification plan.

5. The parties entered into a HAMP trial modification plan. Debtors made three HAMP trial modification payments. Wells Fargo returned those payments to Debtors in February 2010.

6. The September 22, 2009, letter indicated that within a week of setting up the trial modification payments, Wells Fargo would send to Debtors a package of information "that clearly spells out the full terms and the documentation you need to supply." Debtors claim that they never received that package of information or documentation requests.

7. Debtors are unable to produce a final executed loan modification agreement signed by all the parties.

8. Debtors filed a previous Chapter 13 case with this court in March 2010. The court converted it to a Chapter 7 case upon Debtors' request. Debtors did not enter into a reaffirmation agreement, so Debtors' personal liability for the debt was extinguished when the court entered its order of discharge (Case No 10-41271-TLS).

9. Debtors filed this Chapter 13 case on November 22, 2010.

10. On August 15, 2012, Debtors filed their third amended Chapter 13 plan with the court. The third amended plan calls for Debtors to pay Wells Fargo according to the terms of an October 2009 loan modification agreement (Fil. #130).

11. Wells Fargo objected to the third amended plan on the basis that the parties did not enter into a permanent loan modification agreement in October 2009 (Fil. #132).

## *DISCUSSION*

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986);

*Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The controversy in this case boils down to this: Did Wells Fargo and Debtors agree to modify Debtors' loan according to the terms set forth in the proposed Chapter 13 plan?

According to Wells Fargo's proof of claim, the current monthly payment due to Wells Fargo on the note signed by Debtors is $3,519.51. The Chapter 13 plan filed by Debtors is unclear as to the monthly payment amount, but does state Debtors will pay according to the "October 2009 loan modification." Presumably, this is a reference to the September 22, 2009, letter offering a trial modification which called for a monthly payment of $1,314.00. The arrearage set forth in the proof of claim and the plan also set forth vastly different numbers. Therefore, Wells Fargo asserts that Debtors' plan is attempting to modify the rights of Wells Fargo, the holder of a claim secured only by a security interest in real property that is Debtors' principal residence in violation of 11 U.S.C. § 1322(b)(5).

There is absolutely no evidence in the record that the loan was ever modified on a permanent basis. The September 22, 2009, letter from Wells Fargo to Debtors offering the trial modification was clearly a temporary arrangement. At best, the evidence offered by Debtors indicates that Debtors *wanted* to make the trial modification permanent and that they tried to contact Wells Fargo on numerous occasions requesting a permanent modification. It also appears that Wells Fargo may have been non-responsive and perhaps its responses were even confusing at times. However, there is nothing in the record or in the evidence supplied by Debtors to indicate that Wells Fargo agreed to a permanent modification, nor is there anything in the record to suggest that Wells Fargo ever had a legal obligation to offer a modification. In fact, the evidence is quite to the contrary – Wells Fargo refused to accept further payments after the trial modification period.

In their resistance to the motion for summary judgment, Debtors allude to a purported breach of the implied covenant of good faith and fair dealing by Wells Fargo. However, that issue is not before this court. Instead, the issue is whether the home mortgage loan of Debtors was modified. Other than the trial modification in September 2009, there is no evidence that a permanent modification was ever entered into or agreed upon by the parties.

IT IS, THEREFORE, ORDERED that the motion for summary judgment filed by Wells Fargo (Fil. #184) is granted and Wells Fargo's objection to confirmation of Debtors' plan (Fil. #132) is sustained. Confirmation of Debtors' third amended Chapter 13 plan (Fil. #130) is denied. Debtors shall have until August 5, 2013, to file a further amended plan.

DATED: July 15, 2013.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Terry K. Barber
    *Jonathon Burford/Jeffrey Spector
    Kathleen Laughlin
    United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.